[No. 7006.   Decided January 9, 1908.]

JOHN W. KERSHNER, *Respondent*, v. FITZHUGH HENDERSON, *Appellant.*[1]

MASTER AND SERVANT—RELATION—TERMINATION—NOTICE.  A contract for employment for an indefinite time may be terminated by either party by notice to the other; and where a bill for service was presented through an attorney, notice of termination may be given by the other party through the same source, and there can be no recovery for services rendered thereafter.

Appeal from a judgment of the superior court for Kitsap county, Yakey, J., entered April 11, 1907, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on a contract of employment.  Reversed.

*William C. Keith,* for appellant.

*W. A. McLeod* and *C. D. Sutton,* for respondent.

FULLERTON, J.—In this action the respondent sought to recover of the appellant the sum of $1,250, alleged to be the reasonable value of certain services which he claims to have performed for the appellant at the appellant's special instance and request.  The services consisted of waiting upon the appellant for a few days, and acting as caretaker for some two years of certain real estate which the appellant owned, situated in Kitsap county.  The answer put in issue the allegations of the complaint, and a trial was had thereon resulting in a verdict and judgment in favor of the respondent for the sum of $1,000.

The evidence tended to show that the appellant had a stroke of paralysis in the early part of August, 1903, while residing upon the real estate mentioned, and employed the respondent to attend upon him, evidently expecting to recover within a short time.  A few days later he suffered from another stroke

[1]Reported in 93 Pac. 323.

which left him in a practically helpless condition, whereupon
a nephew came from some place in Virginia and took him to
an asylum in that state for treatment, leaving the respondent
in possession of his home upon the real estate.  The respond-
ent continued to reside on the property until some time the
next spring, when he presented to a Mr. Keith, the appel-
lant's counsel, certain demands or bills for services rendered
in caring for the real property.  These demands were for-
warded to the appellant, who replied thereto by saying that
the respondent was not in his employ, and directing him to
quit and surrender up possession of the place.

There was testimony to the effect, although disputed by the
respondent, that this notification and this letter was shown
the respondent by Keith.  The respondent, however, still con-
tinued to reside on the place and later on brought this action
as before stated.  On the trial of the cause the appellant re-
quested the court to charge the jury to the effect that if they
found that appellant did notify the respondent to quit and
surrender the premises on receipt of his demand of payment
as caretaker for the same, and that this notification was
brought to the respondent's attention, that the respondent
could not recover for any services performed as caretaker of
the premises after that time.  This instruction was refused,
and constitutes one of the principal errors assigned.

The instruction should have been given.  The contract of
employment, if any existed at all, was a contract for an in-
definite time, and could be terminated by either party when-
ever that party so desired by giving notice to the other.  The
repudiation by the appellant of the respondent's claim of em-
ployment, and the notification given by him to the respondent
to quit the premises, was a sufficient notice to terminate the
contract, conceding that one existed, whenever it was brought
to the respondent's attention.  No formal service of the notice
was required.  By presenting his demand for payment to the
appellant through Keith, the respondent authorized the ap-

pellant to reply through the same source, and if he did reply to the effect that the contract was at an end, and this reply was shown the respondent, it was sufficient notice to terminate the contract relation.  The respondent's possession of the premises was wrongful from that time on, and he cannot recover for any services performed thereafter as caretaker.

The appellant stoutly maintains that the respondent's possession was wrongful from the beginning, and that he cannot recover for any services as caretaker of the premises. But on this question we think there is a substantial dispute in the evidence, and that the question was one for the jury.   The other errors assigned merit no special consideration.

For the error noted the judgment is reversed and a new trial is awarded.

HADLEY, C. J., MOUNT, and CROW, JJ., concur.

DUNBAR and ROOT, JJ., took no part.